Opinion issued June 27, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01341-CR

____________


BRUCE LEE SAMORA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 32,838






O P I N I O N The jury found appellant Bruce Lee Samora guilty of burglary of a habitation
and assessed punishment at 7 years imprisonment and a $10,000 fine. (1) See Tex.
Penal Code Ann. § 30.02 (Vernon Supp. 2002). (2) Appellant brings two points of
error, challenging the legal sufficiency of the evidence and alleging his trial counsel
was ineffective. We affirm.

 In point of error one, appellant contends the evidence is legally insufficient to
support his conviction. The critical inquiry on review of the legal sufficiency of the
evidence to support a criminal conviction is whether the record evidence could
reasonably support a finding of guilt beyond a reasonable doubt. This inquiry does
not require this Court to ask whether we believe that the evidence at the trial
established guilt beyond a reasonable doubt. Instead, the relevant question is
whether, after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. This familiar standard gives full play to the responsibility of the
trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts. Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Santellan v. State, 939 S.W.2d
155, 160 (Tex. Crim. App. 1997); Howley v. State, 943 S.W.2d 152, 155 (Tex.
App.--Houston [1st Dist.] 1997, no pet.).

 Viewed in the light most favorable to the verdict, Fort Bend County Deputy
Sheriff Ron Skarpa stopped appellant for not having a license plate on the front of his
car and having an expired rear license plate. Rashad Brown was a passenger in
appellant's car. After discovering appellant had outstanding arrest warrants for traffic
offenses, Deputy Skarpa placed appellant in custody. Skarpa then patted down
Brown and discovered a checkbook belonging to a burglary victim protruding from
Brown's pocket. Another deputy went to the address on the checks and found that
the house had been burglarized. Stolen property from the house was found in
appellant's car and within his reach.

 Deputy Keith Pickett was called to the scene with a police bloodhound,
"Colombo." Deputy Pickett took "scent pads" from the crime scene, and pursuant to
an accepted procedure for using dogs to trail suspects, he placed the pads at a distance
of about 150 feet away from appellant, Brown, and another suspect. "Colombo"
"alerted" on appellant, indicating appellant had the same scent as the samples
collected inside the burglarized house.

 Applying the Jackson legal-sufficiency test, we hold the jury could have found
the essential elements of the crime beyond a reasonable doubt. We overrule point of
error one.

 In point of error two, appellant alleges he received ineffective assistance of
counsel at trial because his counsel did not: (1) object during voir dire and/or request
additional strikes; (2) inquire into the reasonableness of the initial stop and detention;
and (3) object to the testimony of Deputy Pickett regarding the police bloodhound. 
See U.S. Const. amend. VI (right to counsel); Tex. R. Evid. 702 (testimony by
experts); Kelly v. State, 824 S.W.2d 568, 571-73 (Tex. Crim. App. 1992) (testimony
by experts). The standard of review for ineffective assistance of counsel is set forth
in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); see Hernandez
v. State, 988 S.W.2d 770, 770 & n.3 (Tex. Crim. App. 1999). A defendant seeking
relief must demonstrate that (1) counsel's performance failed to constitute reasonably
effective assistance by falling below an objective standard of reasonableness under
prevailing professional norms and (2) there is a reasonable probability that, but for
counsel's deficient performance, the result of the proceeding would have been
different. Strickland, 466 U.S. at 688, 694, 104 S. Ct. at 2064-65, 2068; Rodriguez
v. State, 899 S.W.2d 658, 664 (Tex. Crim. App. 1995). A "reasonable probability"
was defined by the Supreme Court as "a probability sufficient to undermine
confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. 
Whether this standard has been met is to judged by "the totality of the
representation." Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).

 Our review of counsel's performance must be highly deferential. Strickland,
466 U.S. at 689, 104 S. Ct. at 2065. A fair assessment of counsel's performance
requires that every effort be made to eliminate the distorting effects of hindsight, to
reconstruct the circumstances of counsel's challenged conduct, and to evaluate the
conduct from counsel's perspective at the time of his performance. Stafford v. State,
813 S.W.2d 503, 506 (Tex. Crim. App. 1991). The burden of proving ineffective
assistance of counsel is on the defendant and is one that requires proof by a
preponderance of the evidence. Id. at 506 n.1. Moreover, a defendant's right to
effective assistance of counsel does not guarantee errorless representation, but instead
affords the defendant counsel reasonably likely to render effective assistance. Moore
v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). The review of counsel's
representation indulges a very strong presumption that counsel's conduct falls within
a wide range of satisfactory representation. Davis v. State, 930 S.W.2d 765, 767
(Tex. App.--Houston [1st Dist.] 1996, pet. ref'd).

 The court of criminal appeals has emphasized that a defendant must
affirmatively overcome, by evidence in the record, the strong presumption that
counsel's decisions fell within the wide range of reasonable professional assistance. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); see also Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). Although
appellant did file a motion for new trial and obtained a hearing, appellant did not raise
any of these issues at the hearing or present evidence on the motions. The record is
therefore silent regarding his trial counsel's reasons for not objecting during voir dire
and/or requesting additional strikes, inquiring into the reasonableness of the initial
stop and detention, and objecting to the testimony of Deputy Pickett regarding the
police bloodhound. None of these alleged failures by trial counsel's was per se
ineffective, and we decline to speculate on trial counsel's reasons for acting as he did.

 We overrule point of error two.

 We affirm the trial court's judgment.



Sherry J. Radack

Justice


Panel consists of Chief Justice Schneider and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.4
1. The trial court accepted the jury's verdict on punishment and imposed sentence
in open court at 7 years imprisonment and a $10,000 fine. The trial court's
judgment, however, lists appellant's punishment as "
7 YEARS IN THE
TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL
DIVISION, PLUS $ FINE," omitting the $10,000 fine.
2. The trial court's judgment incorrectly recites that burglary of a habitation is a
felony of the third degree; it is a felony of the second degree. Tex. Penal
Code Ann. § 30.02(c)(2) (Vernon Supp. 2002).