In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00296-CR

____________


ANDRES LEE VIVES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court 

Harris County, Texas

Trial Court Cause No. 857492 





O P I N I O N


 A jury convicted appellant for aggravated assault and sentenced him to eight
years' confinement in prison. In his sole point of error, appellant contends he
received ineffective assistance of counsel because trial counsel did not request that
the lesser included offenses of reckless and deadly conduct be included within the
jury charge. We affirm. 

Facts

 On May 23, 2000, Derrek Rion and a passenger, Ricky Demann, were driving
to a Casa Ole restaurant for dinner. When they stopped at a traffic light, a car pulled
up next to them. Victor Vialva was driving the car and appellant was the passenger. 
Occupants of both vehicles exchanged glances. When the light turned green, Rion
and Demann turned left proceeding in route to the restaurant. 

 Before arriving at the restaurant, Rion and Demann decided to pull into a clinic
parking lot to investigate a vibration noise coming from their truck. Both Rion and
Demann got out of the truck to investigate. Vialva and appellant followed Rion and
Demann into the parking lot and began screaming and cursing at them. During the
confrontation, appellant leaned over to the driver's side of the car, pulled out a pistol,
and pointed it at Demann through the driver's side window. Reacting to the pistol,
Demann and Rion raised their hands in the air and began to back away. 

 Appellant pointed the pistol at Demann for 20 seconds before firing his first
bullet. The bullet struck the parking lot cement and ricocheted into Demann's left
leg. Ten seconds later, appellant fired a second bullet that traveled through the roof
of Rion's truck. Appellant testified that the second bullet accidentally fired while
appellant attempted to pull the pistol back inside the car. Vialva and appellant then
left the parking lot and fled the scene. 

 Stacy Norman obtained the license plate number of Vialva's car while
witnessing the shooting from the clinic's front door. Norman gave the number to
Officer Moon of the Pasadena Police Department, who used the number to obtain
Vialva's address. Moon went to the address, saw Vialva's car there, and spotted
Vialva and appellant leaving Vialva's apartment. When Moon ordered Vialva and
appellant to stop, Vialva complied, but appellant did not. Instead, appellant ran back
inside the apartment. Thirty seconds later appellant came out of the apartment with
his hands raised. 

 After receiving Vialva's consent to search the apartment, Moon recovered a
pistol. Tests revealed that the recovered pistol fired the shell casings found in the
clinic parking lot. Norman positively identified Vialva and appellant as the shooting
suspects when Moon took them back to the clinic parking lot. Vialva and appellant
were then arrested.

Ineffective Assistance of Counsel

 Appellant contends that he received ineffective assistance of counsel because
trial counsel did not request that the lesser included offenses of reckless and deadly
conduct be included within the jury charge. 


 Standard of Review


 To reverse a conviction based on ineffective assistance of counsel, the
appellate court must find (1) counsel's representation fell below an objective standard
of reasonableness and (2) there is a probability, but for counsel's unprofessional
errors, the results of the proceeding would have been different. Davis v. State, 930
S.W.2d 765, 767 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd).

 There is a strong presumption that counsel's conduct falls within a broad scope
of satisfactory professional performance. See id. An error in trial strategy will be
considered inadequate representation only if counsel's actions have no plausible
basis. See id. Although we look at counsel's representation as a whole, a single
critical error may be sufficient to render counsel's performance ineffective. Id. 


 Representation as a Whole


 Appellant's trial counsel was appointed in June of 2000. During his
representation, counsel (1) appeared on appellant's behalf eight times before trial, (2)
filed a motion for community supervision, (3) conducted voir dire and secured the
dismissal of two prospective jurors pursuant to his challenges for cause, (4) cross
examined all of the State's witnesses, (5) presented two witnesses for the defense
during the guilt stage, including the appellant, (6) argued for an acquittal based on the
evidence that appellant did not intend to hurt Demann, (7) requested that self-defense
be included in the jury charge, (8) presented two witnesses for the defense during the
punishment stage, and (9) argued for probation. Based on this record, we cannot say
counsel's performance as a whole fell below an objective standard of reasonableness. 


 Lesser Included Offense


 Texas courts have held that not requesting a jury charge that would have aided
the defendant is ineffective assistance of counsel. See, e.g., Vasquez v. State, 830
S.W.2d 948, 949 (Tex. Crim. App. 1992) (holding that defendant received ineffective
assistance of counsel when trial counsel did not request jury charge on necessity
defense). However, not requesting a charge on a lesser included offense can be a
reasonable trial strategy. See Davis, 930 S.W.2d at 768; Lynn v. State, 860 S.W.2d
599, 603 (Tex. App.--Corpus Christi 1993, pet. ref'd). In Lynn, the court stated:

Counsel chose not to request lesser included offenses upon
which the jury could find appellant guilty. He required the
jury to opt between murder, an intentional and knowing
act, and acquittal. Such a decision, although risky, is
sometimes successful. We cannot say that such a tactic
was so unreasonable under the facts of the case that it
denied appellant the effective assistance of counsel.


Lynn, 860 S.W.2d at 603. 

 To defeat the presumption of effective assistance of counsel, the allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. See Thompson v. State, 9
S.W.3d 808, 814 (Tex. Crim. App. 1999). Additionally, an appellate court should be
especially hesitant to declare counsel ineffective based upon a single alleged
miscalculation during otherwise satisfactory representation, especially when the
record provides no discernible explanation of the motivation behind counsel's
actions. Id. 

 Our record is silent as to counsel's motivations for omitting any requests for
lesser included offenses. This Court will not speculate on the reasons behind trial
counsel's actions when confronted with a silent record. See Jackson v. State, 877
S.W.2d 768, 771-772 (Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93
(Tex. App.--Houston [1st Dist.] 1996, no pet.). The record does show that
appellant's counsel made repeated attempts to prove that appellant, fearing for his
own safety, did not intend to shoot Demann, but instead intended only a warning shot. 
It is thus possible that appellant's counsel, believing that appellant would be acquitted
of aggravated assault, chose to employ the "all or nothing" approach upheld in Lynn
and not request a lesser included offense. See Lynn, 860 S.W.2d at 603. 

 Because counsel's representation is afforded a strong presumption of
effectiveness, and because the record before us is insufficient to defeat this
presumption, we cannot say that counsel's not requesting to charge the jury with the
lesser included offenses of reckless conduct or deadly conduct was ineffective
assistance.

 We overrule appellant's sole point of issue. 

Conclusion


 We affirm the judgment of the trial court. 



 

 

 
 Elsa Alcala


 Justice




Panel consists of Justices Taft, Alcala, and Price. (1)


Do not publish. Tex. R. App. P. 47.4.


1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.