Donnel **DAVIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–95–00047–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 22, 1996.

Rehearing Overruled Oct. 3, 1996.

---

Bob Wicoff, Houston, for Appellant.

John B. Holmes Jr., Kimberly A. Stelter, Houston, for Appellee.

Before HUTSON–DUNN, ANDELL and O'CONNOR, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, Donnel Davis, pleaded not guilty to the charge of possession of less than 28 grams of cocaine.[1] A jury found him guilty. The trial court found one enhancement offense true and assessed punishment at 16–years imprisonment. In a sole point of error, appellant claims he received ineffective assistance of counsel. We affirm.

### Facts

Appellant and two other men were standing in front of some apartments in the 8800 block of Camay, a moderately-trafficked residential area. Officers Hubert Watson and Carol Hampton were patrolling the area. One of the men threw some trash to the ground. When the police officers saw this, they approached the men to investigate. Watson inspected the trash and discovered it was narcotics. The man who had discarded the trash ran from the scene and was pursued by Watson.

Hampton looked at appellant and concluded he was intoxicated. Watson also thought appellant was intoxicated and did not have

normal use of his faculties. Both officers testified they thought appellant posed a danger to himself or to others. Watson arrested appellant for public intoxication. Hampton searched him pursuant to the arrest and found a crack pipe hidden inside appellant's pants. She retrieved the pipe and saw it contained a brown residue. At trial, a chemist with the police department testified the pipe contained 1.6 milligrams of pure cocaine.

### Ineffective Assistance of Counsel

In his single point of error, appellant contends he received ineffective assistance of counsel because counsel did not file a motion to suppress the crack pipe, did not properly object to its introduction into evidence, did not request a jury charge on probable cause to search, and did not request a jury charge on the lesser included offense of possession of narcotics paraphernalia.

### 1. Standard of Review

■ To reverse, the appellate court must find: (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 695, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

■ There is a very strong presumption that counsel's conduct falls within a large scope of satisfactory professional performance. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065. An error in trial strategy will be considered inadequate representation only if counsel's actions are without any plausible basis. *Ex parte Burns,* 601 S.W.2d 370, 372 (Tex.Crim.App.1980); *Nelson v. State,* 881 S.W.2d 97, 101 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). We look at counsel's representation as a whole; however, a single critical error may be sufficient to render counsel's performance ineffective. *See Ex parte Felton,* 815 S.W.2d 733, 735–36 (Tex. Crim.App.1991).

1. Act of May 10, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex.Gen.Laws 2230, 2936–37 (amended 1993) (current version at Tex. Health & Safety Code Ann. § 481.115 (Vernon Supp.1996)).

## 2. Representation as a Whole

■ Counsel was appointed in June of 1993. In the following 19 months, he filed six motions to reset (all of which were granted), ultimately resetting the trial from July 1993 to January 1995. During this time, he filed no other motions.

In December 1993, appellant filed two *pro se* motions: one for leave to file motions and the other to set aside and dismiss the indictment. In April 1994, appellant filed five more *pro se* motions: (1) a motion for a probable cause hearing (arguing he had been on private property at the time of the offense alleged and no one had summoned police to the property); (2) a motion to suppress the crack pipe (asserting no probable cause to arrest, no warrant, and no due process); (3) exceptions to the indictment; (4) a motion to discover and inspect the evidence; and (5) a motion for speedy trial. The judge noted on each of the motions filed by appellant, "Hybrid representation, thus no ruling." In August 1994, appellant filed a final *pro se* motion seeking to dismiss his attorney. In his motion, he claimed counsel had not been in contact with him for six months, no actions had been taken by counsel, and he had no faith in his counsel. This motion was denied.

On the day of trial, counsel filed a motion to discover and inspect evidence. In court, counsel stated no hearing was necessary because the State had opened its entire file to him. The motion was denied and the trial began. Counsel asked one question on voir dire to the panel as a whole. Counsel objected three times to the testimony of the State's witnesses: (1) he asked to take Officer Hampton on voir dire; when this request was denied, he asked if he could make a bill of exceptions or take her on voir dire at a later time, but never took either action; (2) when Hampton referred in her testimony to another officer who had recently been killed, the court sustained counsel's objection; and (3) when exhibit number two, the crack pipe containing the 1.6 milligrams of cocaine residue, was offered for admission, counsel objected. He based his objection on the search exceeding the scope permissible pursuant to a temporary investigative detention, not on the search having followed an improper arrest.

Counsel cross-examined the State's three witnesses but called no witnesses for the defense. In closing argument, counsel addressed the inappropriateness of a search into appellant's underwear by a female officer and the miniscule amount of cocaine obtained by washing out the pipe.

Based on this record, we cannot say counsel's performance as a whole fell below an objective standard of reasonableness.

## 3. Lesser Included Offense

■ When counsel does not request a jury charge that would have aided the accused, Texas courts have held this to be ineffective assistance of counsel. *See, e.g., Vasquez v. State,* 830 S.W.2d 948, 949 (Tex.Crim.App. 1992) (counsel did not request jury charge on defense of necessity). However, it is reasonable trial strategy to decide not to request a charge on a lesser included offense. *See Lynn v. State,* 860 S.W.2d 599, 603 (Tex. App.—Corpus Christi 1993, pet. ref'd).

■ Appellant contends the Court of Criminal Appeals has revised the rules governing entitlement to a jury charge on a lesser included offense, but this is somewhat of an overstatement. In a narrow holding in *Bartholomew v. State,* the Court of Criminal Appeals reiterated the point that whether an offense is a lesser included offense depends upon the facts of the case and the proof at trial. 871 S.W.2d 210, 212–13 (Tex.Crim. App.1994). The Court did not alter the two-prong test itself: the lesser included offense must be included within the proof necessary to establish the offense charged and some evidence must exist in the record permitting a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.*

The arresting officer saw a brown residue in the crack pipe. The police chemist was able to distill 1.6 milligrams of pure cocaine from this residue. The amount of cocaine in this case, although tiny, was enough to be seen and measured. As such, it was enough to sustain a conviction for possession. Defendants have been convicted of cocaine pos-

session for amounts even smaller than this. *See Sims v. State,* 833 S.W.2d 281, 283 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (0.4 milligrams); *Thomas v. State,* 807 S.W.2d 786, 788 (Tex.App.—Houston [1st Dist.] 1991, pet. dism'd) (op. on rehearing) (0.8 milligrams); *Alejandro v. State,* 725 S.W.2d 510, 515 (Tex.App.—Houston [1st Dist.] 1987, no pet.) (0.3 milligrams). When the amount of drugs possessed is measurable, Texas courts uphold the trial court's refusal to include a jury charge on paraphernalia. In *Sims,* the defendant complained the trial court erred in refusing to charge the jury on the lesser included offense of possession of narcotics paraphernalia. 833 S.W.2d at 284. The court held neither prong of the test was satisfied because: (1) the offense of possession of narcotics paraphernalia is not within the proof necessary to establish the offense of possession and (2) even if it were, the 0.4 milligrams of cocaine found was enough to prove knowing possession, thus there was no evidence defendant was guilty of only the lesser-included offense. *Id.* at 285. For the same reasons, this Court in *Mayes v. State,* 831 S.W.2d 5, 9–10 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (op. on rehearing), held possession of drug paraphernalia was not included within the proof necessary to establish possession.

Although a charge on the lesser included offense of possession of drug paraphernalia might have aided appellant, he was not legally entitled to it. Therefore, the first prong of the *Strickland* test is not satisfied. We hold counsel's omission of a request to charge the jury with the lesser included offense of possession of narcotics paraphernalia was not ineffective assistance.

### 4. Suppression of the Crack Pipe

█ Appellant was arrested without a warrant for the offense of public intoxication. The crack pipe was discovered during a search of appellant made following the arrest. Counsel did not file a motion to suppress the crack pipe. When the pipe was introduced into evidence, counsel objected to its introduction, saying he "renewed" his objection on the grounds it was "illegally obtained by an illegal search and seizure going

much further than *Terry,* the guiding case, ever intended." No previous objection is in the record and counsel did not base his objection on illegality of the arrest.

█ When the record is silent as to counsel's trial strategy, we cannot speculate about why counsel acted as he did. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994); *Gamble v. State,* 916 S.W.2d 92, 93 (Tex.App.—Houston [1st Dist.] 1996, no pet.). A motion for new trial was filed by appellate counsel, but no hearing on the motion was held. Without testimony by trial counsel, we cannot meaningfully address his reasons for not filing a motion to suppress or the basis for the specific objection made to introduction of the crack pipe into evidence. Accordingly, we hold appellant has not satisfied the first prong of *Strickland.*

We overrule appellant's point of error.

We affirm the judgment.

ANDELL, J., dissents.

The Court heard the case en banc, pursuant to TEX.R.APP.P. 79(d), (e) and TEX.R.APP.P. 90(e).

SCHNEIDER, C.J. and COHEN, MIRABAL, WILSON, HEDGES and TAFT, JJ., join HUTSON–DUNN's, J., en banc opinion.

ANDELL, J., dissents in an en banc dissenting opinion in which O'CONNOR, J., joins.

ANDELL, Justice, dissenting.

I respectfully dissent. Based on the record, I would hold counsel's representation was ineffective. Appellant was arrested without a warrant for the offense of public intoxication. The crack pipe was discovered during a search of appellant made pursuant to that arrest. Counsel did not file a motion to suppress the crack pipe. He asked but one question on voir dire to the panel as a whole: "Would you give greater weight to the testimony of a police officer just because he was a police officer?"—using an analogy in which an officer testifies a traffic light was red and a defendant testifies it was green— and sought a show of hands in response, row by row. He later advised his client not to

take the stand, so there was no greater or lesser weight to actually be given by the jury to testimony. He did not except to the trial court's denial of his request to take Officer Hampton on voir dire. In closing argument, counsel focused his energy on only two points: the inappropriateness of a search into appellant's underwear by a female officer and the miniscule amount of cocaine obtained by washing out the pipe. He did not discuss suppression of the evidence based on an absence of probable cause to arrest appellant. He did not raise a fact issue concerning the legality of the arrest.

When the crack pipe containing the 1.6 milligrams of cocaine residue was offered for admission, counsel made a perfunctory objection to its introduction, saying he "renewed" his objection on the grounds it was "illegally obtained by an illegal search and seizure going much further than *Terry*, the guiding case, ever intended." No previous objection is in the record. More importantly, the objection was not made on the proper grounds. *Terry* [1] is inapplicable to this case because appellant was arrested for public intoxication, not temporarily detained for investigation. When counsel did not raise a fact issue regarding the legality of the arrest, he could not seek a jury instruction on the issue of illegally obtained evidence, as authorized by article 38.23 of the Code of Criminal Procedure.

In a case recently decided by the Fourteenth Court of Appeals, the court held counsel was ineffective when he did not file a motion to suppress a crack pipe, object to its introduction, argue illegal arrest to the jury, or seek a jury instruction on illegally obtained evidence. *Jackson v. State*, 921 S.W.2d 809, 814 (Tex.App.—Houston [14th Dist.] 1996, no pet.). A criminal defense lawyer must have a firm command of the facts of a case and the governing law before he can render reasonably effective assistance of counsel. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim.App.1990). Here, the record shows counsel did not have a firm command of either the facts or the governing law, as demonstrated by his misunderstanding of the suppression issue. When counsel

did not properly pursue the issue of illegal arrest, his representation fell below an objective standard of reasonableness. I would hold the first prong of *Strickland* is satisfied. The question, then, is whether there is a reasonable probability the outcome would have been different had counsel argued the arrest was illegal.

An individual is publicly intoxicated if: (1) he appears in a public place; (2) under the influence of alcohol or any other substance; (3) to the degree he may endanger himself or another. Tex.Penal Code Ann. § 49.02(a) (Vernon 1994). A warrantless arrest for public intoxication is valid only if the arresting officer has reason to believe the suspect is not merely intoxicated, but intoxicated to the degree he may endanger himself or another. *Berg v. State*, 720 S.W.2d 199, 201 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). An officer's determination as to possible danger is not reviewed under the same standard as the standard used to judicially determine guilt. *Simpson v. State*, 886 S.W.2d 449, 454–55 (Tex.App.—Houston [1st Dist.] 1994, pet ref'd). The test is whether, at the moment of the arrest, the facts and circumstances were sufficient to cause a prudent man to believe the person was committing the offense. *Id.* at 454. We look to the totality of the circumstances to determine probable cause. *Id.* An officer's hunch, suspicion, or good faith perception is not enough, without more, to constitute probable cause. *Id.*

When asked what drew her attention to appellant, Hampton testified, "Because he was kind of glassy-eyed, wasn't really—acting high, basically, is what he was acting." When asked what appellant was doing to indicate intoxication, she testified, "Well, he was lethargic, just kind of standing around. He wasn't really stumbling over himself or anything. I just looked at his eyes and to me, being out here as long as I have, he appeared to be intoxicated." When asked about appellant's balance, she replied, "Kind of—he was just kind of standing there like, you know, in a dazed manner." Hampton further testified appellant was "probably intoxicated on something" and "could get hurt

---

1. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

or he could hurt someone else." She believed "he could fall out on the street or walk off into the street or something like that." Watson testified appellant did not have normal use of his physical and mental capabilities and anything could have happened to appellant. He testified appellant was in a bad location. "He could have walked out into the street, somebody could have drove [sic] by and shot up the place or anything, because it's just a bad corner."

There is a long line of Texas cases holding danger to self or others justifies a warrantless arrest for public intoxication. The theme common to these cases embodies two components: (1) a description of the defendant's appearance or behavior indicating gross intoxication and (2) a setting likely to produce imminent harm, usually because the defendant is in a car or the street. *See Britton v. State,* 578 S.W.2d 685, 689 (Tex. Crim.App.1979) (op. on rehearing) (glassy, bloodshot eyes, incoherent, head bobbing; sitting in car blocking traffic); *Dickey v. State,* 552 S.W.2d 467, 468 (Tex.Crim.App. 1977) (wobbling, slurred speech, unable to walk without assistance when awakened; passed out in front seat of car parked on street); *Bentley v. State,* 535 S.W.2d 651, 652–53 (Tex.Crim.App.1976) (strong odor of alcohol, bloodshot eyes, slurred speech, swaying; attempting to buy snow chains for tires at gas station); *Balli v. State,* 530 S.W.2d 123, 126 (Tex.Crim.App.1975) (alcohol on breath, slurred speech, swaying, difficulty walking; walking down middle of street); *Simpson,* 886 S.W.2d at 455 (strong odor of alcohol, bloodshot eyes, slurred speech; engaged in violent argument in middle of public street).

Less frequently, Texas courts have held a defendant was not intoxicated to the degree he posed a danger to himself or others. In these cases, the facts do not strongly support a holding of dangerousness either because the defendant did not appear to be extremely intoxicated or the setting was relatively benign. *See Davis v. State,* 576 S.W.2d 378, 380 (Tex.Crim.App.1978) (unsteady, slurred speech; walking on sidewalk); *Commander v. State,* 748 S.W.2d 270, 271–72 (Tex.App.— Houston [14th Dist.] 1988, no pet.) (glassy-eyed, smelled of alcohol, unsteady; leaning against car in driveway); *Berg,* 720 S.W.2d at 201 (odor of alcohol, thick-tongued, unsteady; browsing in airport gift shop).

The facts of this case are consistent with the facts in cases holding there was no probable cause to arrest. At the time of his arrest, appellant was standing in front of an apartment complex in a moderately-trafficked residential area. One officer testified appellant was a car length from the street; the other said appellant was 30 feet from the street. The officers did not describe appellant as slurring his speech, swaying, staggering, stumbling, incoherent, or unable to walk on his own. Appellant was standing outside but was not in a parking lot, in a car, or in the street. There was no testimony showing appellant was walking toward the street or preparing to drive a car.

Despite the good faith concerns of the patrol officers, I am not convinced the element of danger to self or others was established sufficiently to justify the arrest. The State's case rested entirely on the crack pipe found during the search of appellant. Without probable cause to arrest, the search was not legal and the fruits of the search would have been inadmissible. I would hold counsel's error in not attacking the legality of the arrest was of a sufficient magnitude to raise a reasonable probability the outcome of the trial would have been different but for the error. I would sustain the point of error and reverse the judgment.

O'CONNOR, J., joins this en banc dissent.