Opinion issued April 11, 2002











In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-00-01078-CR

 01-00-01079-CR

____________


RUSSELL STEPHEN ALLEN II, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Criminal Court at Law No. 9

Harris County, Texas

Trial Court Cause Nos. 1002983 and 1000370






O P I N I O N

 In trial court cause number 1002983 (appellate cause number 01-00-01078-CR), appellant was convicted by a jury of criminal mischief, and the trial court
assessed punishment at 180 days and a $750 fine, suspended for one year of
community supervision. See Tex. Penal Code Ann. § 28.03(a)(1), (b)(2) (Vernon
Supp. 2002). In trial court cause number 1000370 (appellate cause number 01-00-01079-CR), appellant was convicted by a jury of failure to stop and give information,
and the trial court assessed punishment at two days in jail and a $500 fine. See Tex.
Transp. Code Ann. § 550.022(a), (c)(2) (Vernon 1999). Appellant challenges the
legal sufficiency of his convictions, alleges he received ineffective assistance of
counsel at trial, and claims the trial court improperly allowed the prosecutor to say
appellant was a racist. We affirm.

Facts


 While Jermon Washington was returning a rental car to the rental agency, he
missed the street leading to the agency and pulled into a parking lot to turn around. 
As he drove towards the lot's exit, he saw a large pothole and a deep ditch. While
deciding if he could safely drive through the exit, Washington noticed a van pull up
behind him that was driven by appellant.

 After appellant blew the van's horn, Washington got out of his car and walked
back to speak with appellant. Washington testified that after appellant told him to
"get the hell out of the way," he returned to his car. Appellant then came up to the
driver's side window and told Washington, "Either you get in your car and get the
hell out of my way or I am going to ram you out of the way."

 Appellant's mother then came up and spoke to Washington. Washington asked
her to move so he could leave, noticed appellant was driving up behind him in the
van, asked appellant's mother to step aside, and began pulling his car forward. 
Appellant rammed his van into Washington's car from behind, pushing the car into
the street, and hit the car a second time before driving away. Appellant's mother
followed appellant in a truck. Neither appellant nor appellant's mother gave
Washington any information about themselves before they left the scene. Washington
managed to write down the van's license plate number and reported the incident to
the police.

 Appellant's mother testified she was leaving her motorcycle business for the
evening when Washington pulled into the parking lot and blocked her truck. She
asked him to leave, but Washington merely stared at her. Appellant then asked
Washington to leave, and when he did not, appellant used his van to gently push
Washington's car out of the driveway.

 Appellant testified he repeatedly asked Washington to move his car and
Washington refused without explanation. Appellant matched his van's bumpers to
Washington's car and "just pushed the car to the edge of the property." Appellant
denied hitting Washington's car a second time.


 Discussion


 In points of error one and two, appellant challenges the legal sufficiency of his
convictions because he claims there is no evidence of (1) an accident as required by
statute, presumably Transportation Code section 550.023, and (2) the value of the
pecuniary loss. See Tex. Penal Code Ann. § 28.03(a)(1), (b)(2) (Vernon Supp.
2002); Tex. Transp. Code Ann. § 550.023 (Vernon 1999). In point of error four,
appellant claims the trial court erred in not sustaining his objection to the State's
closing argument concerning appellant's alleged racism.

 Appellant has failed to cite any legal authority in support of points of error one,
two, and four. See Tex. R. App. P. 38.1(h) (brief must contain appropriate citations
to authority); Garcia v. State, 887 S.W.2d 862, 871 (Tex. Crim. App. 1994)
(conclusory assertions with no legal authority are inadequately briefed and will not
be reviewed); Harris County Mun. Util. Dist. No. 48 v. Mitchell, 915 S.W.2d 859, 866
(Tex. App.--Houston [1st Dist.] 1995, writ denied) (point of error unsupported by
citation of authority presents nothing for review). Moreover, regarding appellant's
legal-sufficiency challenge in point of error two that the State did not prove the
amount of damage to the car, appellant admits the evidence shows $367 in repairs,
an amount within the $50-or-more-but-less-than-$500 range the State had to prove
to convict appellant of a Class B misdemeanor. See Tex. Penal Code Ann. §
28.03(b)(2) (Vernon Supp. 2002).

 We overrule points one, two, and four.

 In point of error three, appellant alleges he received ineffective assistance of
counsel at trial because his counsel did not object to testimony from an investigating
police officer and to a portion of the State's closing argument, both of which
suggested that appellant and his mother were racists. See U.S. Const. amend. VI. 
The standard of review for ineffective assistance of counsel is set forth in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); see Hernandez v. State, 988
S.W.2d 770, 770 & n.3 (Tex. Crim. App. 1999). A defendant seeking relief must
demonstrate that (1) counsel's performance failed to constitute reasonably effective
assistance by falling below an objective standard of reasonableness under prevailing
professional norms and (2) there is a reasonable probability that, but for counsel's
deficient performance, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 688, 694, 104 S. Ct. at 2064-65, 2068; Rodriguez v. State, 899
S.W.2d 658, 664 (Tex. Crim. App. 1995). A "reasonable probability" was defined
by the Supreme Court as "a probability sufficient to undermine confidence in the
outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Whether this standard has
been met is judged by "the totality of the representation." Ex parte Welborn, 785
S.W.2d 391, 393 (Tex. Crim. App. 1990).

 Our review of counsel's performance must be highly deferential. Strickland,
466 U.S. at 689, 104 S. Ct. at 2065. A fair assessment of counsel's performance
requires that every effort be made to eliminate the distorting effects of hindsight, to
reconstruct the circumstances of counsel's challenged conduct, and to evaluate the
conduct from counsel's perspective at the time of his performance. Stafford v. State,
813 S.W.2d 503, 506 (Tex. Crim. App. 1991). The burden of proving ineffective
assistance of counsel is on the defendant and is one that requires proof by a
preponderance of the evidence. Id. at 511 n.1. Moreover, a defendant's right to
effective assistance of counsel does not guarantee errorless representation, but instead
affords the defendant counsel reasonably likely to render effective assistance. Moore
v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). The review of counsel's
representation indulges a very strong presumption that counsel's conduct falls within
a wide range of satisfactory representation. Davis v. State, 930 S.W.2d 765, 767
(Tex. App.--Houston [1st Dist.] 1996, pet. ref'd).

 The court of criminal appeals has emphasized that a defendant must
affirmatively overcome, by evidence in the record, the strong presumption that
counsel's decisions fell within the wide range of reasonable professional assistance. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); see also Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). Although
appellant did file motions for new trial, there was no hearing on the motions. The
record is therefore silent regarding his trial counsel's reasons for not objecting to
testimony from the investigating police officer and to a portion of the State's closing
argument, and we decline to speculate.

 We overrule point of error three.

Conclusion


 We affirm the trial court's judgments.


Sherry J. Radack

Justice


Panel consists of Chief Justice Schneider and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.4.