In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01117-CR

____________


PING YU, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court 

Harris County, Texas

Trial Court Cause No. 859239 





O P I N I O N


 The trial court convicted appellant of aggravated assault (1) and assessed
punishment at 10 years' community supervision, with six months' confinement in jail
as a condition. In four points of error, appellant asserts that the trial court erred in
overruling his motion for new trial based on ineffective assistance of counsel. We
affirm. 

Background

 In March of 1999, appellant began a personal, intimate relationship with
Junfang Xie. Both appellant and Xie are Chinese citizens. In May of 2000, appellant
and Xie were living together when Xie decided to leave appellant and rent an
apartment. On May 10, 2000, Xie was at her apartment when appellant arrived and
knocked on her door. When Xie opened the door, appellant entered the apartment
and began slapping her. Appellant told Xie that he was going to beat her to death. 
As Xie attempted to run away from him, appellant grabbed Xie and threw her to the
ground, breaking her right arm. Ineffective Assistance of Counsel

 In four points of error, appellant contends he received ineffective assistance of
counsel in violation of the Sixth Amendment of the United States Constitution
because his trial counsel (1) did not interview Xie prior to trial, (2) did not interview
any witnesses prior to trial, (3) did not seek a recommendation against deportation of
appellant, and (4) did not properly explain the American judicial system to appellant. 
See U.S. Const. amend. VI. 

 The trial court denied appellant's motion for new trial. (2) The grant or denial of
a motion for new trial is a matter entirely within the trial court's discretion and will
not be reversed absent an abuse of discretion. State v. Gonzales, 855 S.W.2d 692,
696 (Tex. Crim. App. 1993). An abuse of discretion occurs when the trial court's
decision is so clearly wrong as to lie outside the zone of reasonable disagreement. 
Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). At a hearing on the
motion for new trial, the trial court is the sole judge of witness credibility. See Lewis
v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). The trial court may properly
consider the interest and bias of any witness and is not required to accept a
defendant's testimony as true. See Messer v. State, 757 S.W.2d 820, 828 (Tex.
App.--Houston [1st Dist.] 1988, pet. ref'd). 

 The constitutional right to counsel does not mean errorless counsel or counsel
whose competency is judged by hindsight. Doherty v. State, 781 S.W.2d 439, 441
(Tex. App.--Houston [1st Dist.] 1989, no pet.). The standard for reviewing claims
of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984). See Hernandez v. State, 726 S.W.2d 53, 54
(Tex. Crim. App. 1986). To receive a reversal for ineffective assistance, appellant
must show both (1) that counsel's performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment and (2) that, but for
counsel's error, the result of the proceedings would have been different; that is, a
probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064. 

 The defendant bears the burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble v. State, 916 S.W.2d 92, 93
(Tex. App.--Houston [1st Dist.] 1996, no pet.). In determining whether the
Strickland test has been met, we measure counsel's performance on the totality of the
representation afforded, not on individual errors. See ex parte Welborn, 785 S.W.2d
391, 393 (Tex. Crim. App. 1990). A defendant must overcome the strong
presumption that counsel's conduct falls within a large scope of satisfactory
representation. See Davis v. State, 930 S.W.2d 765, 767 (Tex. App.--Houston [1st
Dist.] 1996, pet. ref'd). To overcome this presumption, allegations of ineffectiveness
must be firmly rooted in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness. See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App.
1999). 

 In his first point of error, appellant contends that he received ineffective
assistance of counsel because trial counsel did not interview Xie prior to trial. 
According to appellant, counsel's omission precluded appellant from calling three
alibi witnesses at trial. There is, however, nothing in the record indicating that Xie
would have agreed to meet with counsel or that counsel did not attempt to speak with
her. Furthermore, at trial, appellant placed himself at the scene of the crime when he
testified that he was at Xie's apartment when she broke her arm. In light of this
testimony, it is unlikely that contradictory testimony from alibi witnesses would have
aided appellant or changed the outcome of this case. This allegation does not render
counsel's representation ineffective. See Strickland, 466 U.S. at 687, 104 S. Ct. at
2064. 

 We overrule appellant's first point of error.

 In his second point of error, appellant contends that he received ineffective
assistance of counsel because trial counsel did not interview any witnesses prior to
their testimony at trial. Appellant can point to no evidence in the record that indicates
counsel failed to interview witnesses. Because this allegation is not firmly rooted in
the record, we decline to speculate whether trial counsel failed to interview witnesses. 
See Thompson, 9 S.W.3d at 814. 

 We overrule appellant's second point of error.

 In his third point of error, appellant contends that he received ineffective
assistance of counsel because trial counsel did not seek a judgment recommending
against deportation (JRAD). Appellant relies on 8 U.S.C. § 1251(b) (1952), which
allowed trial courts to make JRADs for alien defendants. However, section 1251(b)
was repealed on November 29, 1990, (3) and, therefore, the JRAD no longer exists. 
Counsel was not ineffective for declining to seek an extinct recommendation in
accordance with a statute that has been repealed since 1990.

 We overrule appellant's third point of error. 

 In his fourth point of error, appellant contends that he received ineffective
assistance of counsel because trial counsel did not properly explain the American
judicial system to appellant. Because appellant is a Chinese national with a limited
understanding of the English language, appellant asserts that counsel's failure to
determine the extent of appellant's knowledge of the judicial process was
unreasonable. The record shows, however, that (1) at no time during trial did
appellant indicate he did not understand the proceedings, (2) counsel explained the
differences between bench and jury trials to appellant, (3) appellant insisted on
pleading not guilty, (4) appellant did not want any plea negotiations conducted, and
(5) counsel spent many hours with appellant preparing for trial. Given this record,
appellant's uncorroborated assertions that he did not understand the judicial
proceedings cannot defeat the presumption that counsel rendered effective assistance. 
 We overrule appellant's fourth point of error. 

Conclusion

 The trial court did not abuse its discretion when it denied appellant's motion
for new trial based on ineffective assistance of counsel.

 We affirm the judgment of the trial court.






 Elsa Alcala


 Justice


Panel consists of Justices Taft, Alcala, and Price. (4)


Do not publish. Tex. R. App. P. 47.4.
1. The trial court found appellant guilty of aggravated assault resulting in serious
bodily injury to Junfang Xie. The trial court made an affirmative finding of
family violence; however, the judgment reflects an affirmative finding of a
deadly weapon. Therefore, we order the judgment modified to delete the
affirmative finding of a deadly weapon and to reflect the affirmative finding
of family violence. 
2. The trial court conducted the hearing through affidavits, rather than live
testimony. Although appellant objected at the hearing to the trial court's
refusal to hear live testimony, appellant has not raised this issue on appeal. 
However, we note that deferential review also applies to trial court rulings
based on affidavit-only testimony. See Manzi v. State, No. 2116-01, slip op.
at 7-8, (Tex. Crim. App. Oct. 23, 2002). 
3. The Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5050
(1990), repealed by 8 U.S.C. § 1251(b) (November 29, 1990). 
4. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.