MEMORANDUM OPINION




No. 04-03-00293-CR



Matthew FUENTES,


Appellant



v.



The STATE of Texas,


Appellee



From the 379th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-1524


Honorable Bert Richardson, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Alma L. López, Chief Justice (concurring in judgment only)

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: March 3, 2004


AFFIRMED

 Appellant Matthew Fuentes was charged by indictment with the offense of
intoxication assault. Pursuant to a plea bargain, Fuentes pled nolo contendere and was
sentenced to eight years' imprisonment and a $1000 fine. He now appeals in three issues.

 Because the issues in this appeal involve the application of well-settled principles of
law, we affirm the conviction in this memorandum opinion under Tex. R. App. P. 47.1 for
the following reasons: 

 1. In his third issue, Fuentes argues that Texas Rule of Appellate Procedure
25.2(b)(3) is unconstitutional as applied to his situation. Under the current version of the
appellate rules an appeal is permitted in plea bargained cases where the trial court has given
permission. Tex. R. App. P. 25.2(a)(2), (d); See Daniels v. State, 110 S.W.3d 174 (Tex.
App.--San Antonio 2003, no pet.). The trial court here has, indeed, granted permission for
Fuentes's appeal. Fuentes's motion for permission to appeal, however, does not include the
issue of the constitutionality of Texas Rule of Appellate Procedure 25.2(b)(3). Under the
current rule, Fuentes may not appeal that which he does not have the trial court's certification
to appeal. 

 Even if Fuentes was able to appeal this issue under the current Rules of Appellate
Procedure, Rule 25.2(b)(3) is inapplicable to him and, therefore, can not be unconstitutional
as applied. We overrule Fuentes's third issue.

 2. In his first issue, Fuentes contends his plea was involuntary and in violation of his
federal due process rights. As a condition to the plea agreement, the State agreed to remain
silent with regard to Fuentes's application for community supervision. Fuentes claims the
State breached this agreement by cross-examining himself and several other witnesses at the
sentencing hearing. 

 As stated above, a defendant in a criminal case may appeal only after getting the trial
court's permission to appeal. Tex. R. App. P. 25.2(a)(2), (d). As with the issue of
constitutionality, Fuentes's motion for permission to appeal does not seek permission to
appeal the issue of voluntariness of his plea. In fact, the motion specifically states that he
understands that he is "precluded from raising a claim challenging the voluntariness of his
plea on appeal" and believes he has "a separate, valid issue" he can raise.

 In addition, there is no evidence that the State failed to follow the terms of the plea
agreement. The plea agreement mandated that the range of punishment be between 2 and 10
years, with a fine of up to $10,000. As stated above, Fuentes received an eight year sentence
and a $1000 fine. In addition, the plea mandated that the State make no recommendation as
to Fuentes's application for community supervision. The State presented no recommendation
to the trial court and only cross-examined Fuentes and his two character witnesses. We
overrule Fuentes's first issue.

 3. Finally, in his second issue, Fuentes argues he received ineffective assistance of
counsel. (1) Specifically, he contends his trial counsel should have objected to the State's
allegedly improper conduct at his sentencing hearing. In order to prevail on an ineffective
assistance of counsel claim, an appellant must show: (1) counsel's performance fell below
an objective standard of reasonableness, and (2) prejudice, that is, a reasonable probability
that, but for trial counsel's errors, the result would have been different. Strickland v.
Washington, 466 U.S. 668, 687-88, 694 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 2002). It is an appellant's burden to overcome the presumption that the counsel's
actions might be considered sound trial strategy. Strickland, 466 U.S. at 689. The appellant
must prove, by a preponderance of the evidence, that his counsel's performance fell outside
the wide range of reasonable professional assistance. Id.; Thompson, 9 S.W.3d at 813. 

 Because the record is silent as to the reasons why Fuentes's counsel chose to act as
he did, we can not speculate as to why counsel did so. See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994); Davis v. State, 930 S.W.2d 765, 769 (Tex. App.--Houston [1st
Dist.] 1996, pet. ref'd). Fuentes has failed to show either that his counsel's actions fell below
an objective standard of reasonableness or that, but for the alleged errors, the result of his
sentencing hearing would have been different. See Strickland, 466 U.S. at 687-88, 694.
Fuentes's second issue is overruled.

 The judgment of the trial court is affirmed.

 

 Paul W. Green, Justice


 Do Not Publish

1. Fuentes was granted permission by the trial court to appeal this issue. Tex. R. App. P. 25.2(a)(2), (d).