MEMORANDUM OPINION



No. 04-03-00745-CR



Matthu GILLETTE,


Appellant



v.



The STATE of Texas,


Appellee



From the 186th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-CR-1257-A


Honorable Teresa Herr, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: November 10, 2004 


AFFIRMED

 Appellant, Matthu Gillette, was convicted of one count of aggravated robbery. He
was sentenced to fifteen years imprisonment. In three issues on appeal, Gillette asserts that
he was denied effective assistance of counsel in violation of the Sixth and Fourteenth
Amendment of the United States Constitution and Article 1, Section 10 of the Texas
Constitution. U.S. Const. am. VI; Tex. Const. art. I, §10. Because the issues in this appeal
involve the application of well-settled principles of law, we affirm the conviction in this
memorandum opinion under Tex. R. App. P. 47.1.

 1. Gillette argues that trial counsel was ineffective because he failed to have an
investigator appointed until seven days prior to trial. Because the record is silent as to why
counsel waited seven days before trial to have an investigator appointed, we will not
speculate on counsel's reason for delay. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994); Davis v. State, 930 S.W.2d 765, 769 (Tex. App.-Houston [1st Dist.]
1996, pet. ref'd). Absent of any explanation for counsel's decision, Gillette failed to
overcome the strong presumption of reasonable professional assistance. See Strickland v.
Washington, 466 U.S. 668, 687-88 (1984); Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim.
App. 2001). We overrule this issue. 

 2. Gillette says trial counsel committed three errors in the jury selection process.
First, Gillette complains that trial counsel failed to perfect error by pointing out an
objectionable juror and asking for an additional challenge when the court granted the State's
challenge for cause to Juror #16. Because the record is silent, we will not speculate as to
why counsel acted as he did. See Jackson, 877 S.W.2d at 771; Davis, 930 S.W.2d at 769. 

 Gillette further argues that trial counsel erred by failing to object when the court
granted the State's challenge for cause and removed Juror #28. The record shows that Juror
#28 was properly excluded for cause because he could not consider the full range of
punishment. See Garcia v. State, 919 S.W.2d 370, 389 (Tex. Crim. App. 1994); Fuller v.
State, 829 S.W.2d 191, 200 (Tex. Crim. App. 1992). 

 Gillette also complains trial counsel erred by failing to object when the trial court
excused Juror #29 without statutory reason. The record implies the court acted on its own
initiative because of the juror's conflicting work or vacation schedule. See Kemp v. State,
846 S.W.2d 289, 293 (Tex. Crim. App. 1992). Gillette fails to show how counsel erred by
neglecting to object to the exclusion of this juror. See Vaughn v. State, 931 S.W.2d 564, 566
(Tex. Crim. App. 1996). We overrule Gillette's issues on jury selection. 

 3. Gillette argues that trial counsel was ineffective because he called the co-defendant to testify. Although the witness's testimony was ultimately both helpful and
harmful to Gillette, without a record of counsel's decision-making process, Gillette cannot
overcome the presumption that counsel's actions were sound trial strategy based on what
counsel knew at the time. (1) See Jackson, 877 S.W.2d at 771, Davis, 930 S.W.2d at 769.
Accordingly, we overrule this issue. The judgment of the trial court is affirmed.

 

 Paul W. Green, Justice




Do Not Publish




1. The co-defendant testified he had spoken to defense counsel prior to trial.