NUMBER 13-02-344-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

DAVID EUGENE RENTZ,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 24th District Court of DeWitt County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
          Appellant, David Rentz, appeals from a criminal conviction of aggravated robbery.



Following a jury trial, appellant was convicted and sentenced to sixty-five years’
confinement in the Institutional Division of the Texas Department of Criminal Justice.
          By three issues, appellant claims: (1) the trial court improperly denied his motion
to suppress the pre-trial photographic identification and in-court identification of him; (2)
the trial court erroneously denied his motion to suppress his oral statement; and (3) that
his trial counsel was ineffective.
          The record contains the trial court’s certification that this case is not a plea-bargain
case, and the defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2). 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
Standard of Review
          The standards of appellate review for motions to suppress are set forth in Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The appropriate standard of review
depends on the exact issues presented. Guzman recognizes three different categories
and provides the appropriate standard of review for each. Id. In category one, where the
issue presented involves the trial court's determination of historical facts supported by the
record, especially those in which the fact findings are based on an evaluation of credibility
and demeanor, the appellate court should afford almost total deference to the trial court's
determination. Id. In category two, where the issue presented involves the trial court's
rulings on "application of law to fact questions," also known as "mixed questions of law and
fact," and where the resolution of those ultimate questions turns on an evaluation of
credibility and demeanor, the appellate court should again afford almost total deference
to the trial court's rulings. Id. In category three, where the issue presented involves
"mixed questions of law and fact" which do not fall into the second category, that is, do not
turn on an evaluation of credibility and demeanor, then de novo review is appropriate. Id.
However, the reviewing court should still afford deference to the trial court on the
subsidiary factual questions which fall into the first category. Id. When the evidence is
controverted, the appellate court should give almost total deference to the trial court's
determination of historical facts but should review de novo the application of the law to
those facts. Id. at 89. 
Photographic Identification
          Appellant claims the pre-trial photographic identification procedure was
impermissibly suggestive because: (1) people who lived in the community where the
robbery took place told the robbery victims, James and Judy Wolf, that appellant was the
robber; (2) Texas Rangers showed the Wolfs a photograph of appellant and told them that
the man in the photograph was appellant; and (3) it was only after the Texas Rangers
showed the Wolfs another photo line-up containing appellant’s photo that the Wolfs
identified appellant as the robber in the jury’s presence. 
          When reviewing a trial court's ruling on the admissibility of an identification which
has been attacked as having been the product of an impermissibly suggestive pre-trial
identification procedure, "the test is whether, considering the totality of the circumstances,
‘the identification procedure was so impermissibly suggestive as to give rise to a very
substantial likelihood of misidentification.’” Simmons v. United States, 390 U.S. 377, 384
(1968); see Conner v. State, 67 S.W.3d 192, 200 (Tex. Crim. App. 2001). 
          The court of criminal appeals has held that the following five non-exclusive factors
should be “weighed against the corrupting effect of any suggestive identification procedure
in assessing reliability under the totality of the circumstances”: (1) the opportunity of the
witness to view the criminal at the time of the crime; (2) the witness’s degree of attention;
(3) the accuracy of the witness’s prior description of the criminal; (4) the level of certainty
demonstrated by the witness at the confrontation; and (5) the length of time between the
crime and the confrontation. Loserth v. State, 963 S.W.2d 770, 772 (Tex. Crim. App.
1998) (citing Neil v. Biggers, 409 U.S. 188, 199 (1972)). 
          Each of the individual Biggers factors are historical facts and should be viewed
deferentially, in the light most favorable to the trial court’s ruling. See Loserth, 963 S.W.2d
at 773. The application of the factors, and thus the “ultimate conclusion as to whether the
facts as found state a constitutional violation, is a mixed question of law and fact.” Id. 
Therefore, we review the trial court’s application of the factors de novo. Id. at 773-74.           First, the record demonstrates that despite community members’ suggestions that
appellant was involved in the robbery, the description of the robber given by the Wolfs
immediately after the robbery was consistent with appellant’s appearance at the
suppression hearing. 
          Second, appellant argues that Ranger Miller improperly told the Wolfs that appellant
was the man in the photograph. Even so, the record also reflects that appellant had been
to the Wolfs’ home as a guest approximately two years before the robbery. On that
occasion, the Wolfs spent approximately five hours with appellant and Peggy Gossett, a
friend of the Wolfs. During the robbery, the Wolfs observed the robber in close proximity
for approximately fifteen minutes. James Wolf testified that on the day after the robbery,
based on his previous meeting with appellant and his independent observation during the
robbery, he believed that appellant was the robber. 
          The record supports that the Wolfs’ identification of appellant as the robber was not
based solely on the single photograph and the subsequent photographic line-up that
Ranger Miller showed them, but was also based on their recollections of their prior meeting
with appellant and their independent observations during the robbery. 
          In light of the record, we cannot say that the pre-trial photographic identification
procedure was so unnecessarily suggestive as to present a very substantial likelihood of
misidentification. See id. at 772.  
In-Court Identification 
          Appellant also claims that the pretrial identification procedure tainted the
subsequent identification of appellant as the robber at trial. A review of the record
demonstrates that: (1) during the robbery, the robber’s facial features were visible
because his face was covered only by camouflage paint; and (2) the Wolfs were in a well-lit
room and in close proximity to the robber for approximately fifteen minutes. 
           Under the totality of the circumstances and considering the Wolfs’ opportunity to
view the robber during the robbery, their degree of attention, and the accuracy of their
description of the robber immediately after the robbery and at the suppression hearing, the
trial court properly held that the in-court identification of appellant was admissible. See id.
at 772. Appellant’s first issue is overruled. 
          In his second issue, appellant contends that the trial court erroneously denied his
motion to suppress his oral statement. Specifically, appellant argues that his oral
statement regarding his involvement in the robbery was involuntary. After a hearing, the
trial court made a specific finding that appellant’s statement was voluntary. 
          We must afford almost total deference to a trial court's determination of facts
supported by the record and its rulings on application of law to fact questions, when those
fact findings involve an evaluation of the credibility and demeanor of witnesses. See
Guzman, 955 S.W.2d at 89. 
          Given the extensive evidence indicating appellant’s guilt, we cannot conclude that
any error in allowing the statement into evidence affected appellant’s substantial rights. 
See Nonn v. State, 117 S.W.3d 874, 881-83 (Tex. Crim. App. 2003) (appellate courts must
decide whether the error had a substantial or injurious affect); see Tex. R. App. P. 44.2(b). 
Appellant’s second issue is overruled.
          By appellant’s third issue, he claims that his trial counsel was ineffective because
his counsel failed to object to the rebuttal testimony of Bailiff Leroy Ruppert. The record
shows that even though rule of evidence 614


 was invoked, Ruppert remained in the
courtroom while a witness, Helen Wilson, testified that appellant was left-handed. 
Subsequent to Wilson’s testimony, Ruppert testified that appellant was ambidextrous. 
          In order to prevail on a claim of ineffective assistance of counsel, appellant must
show by a preponderance of the evidence that: (1) trial counsel’s performance was
deficient in that it fell below the prevailing professional norms; and (2) the deficiency
prejudiced appellant and but for the deficiency, a reasonable probability exists that the
result of the proceeding would have been different. See Strickland v. Washington, 466
U.S. 668, 687 (1980). A reasonable probability is a probability sufficient to undermine
confidence in the outcome. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).
          The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. See id. at 813. An appellate
court looks to the totality of the representation and the particular circumstances of the case
in evaluating the effectiveness. Id.
          There is a strong presumption that counsel’s conduct fell within the wide range of
reasonable professional assistance. See Davis v. State, 930 S.W.2d 765, 767 (Tex.
App.–Houston [1st Dist.] 1996, pet. ref’d). To defeat the presumption of reasonable
professional assistance, “any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness.” 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). In most cases, a silent
record that provides no explanation for counsel’s actions will not overcome the strong
presumption of reasonable assistance. See Thompson, 9 S.W.3d at 813-14.
          Here, appellant failed to meet the first prong of Strickland. The record does not
show that a motion for new trial was filed based on ineffective assistance of counsel. 
Further, the record does not reflect why appellant’s trial counsel did not object to Ruppert’s
testimony. Consistent with Strickland, we must presume that all significant decisions were
made in the exercise of reasonable professional judgment. See Strickland, 466 U.S. at
687. Appellant has not met his burden of showing that trial counsel’s assistance was
ineffective. Further, appellant has failed to show that but for the alleged deficiency of trial
counsel’s failure to object to Ruppert’s testimony, a reasonable probability exists that the
result of the proceeding would have been different. Id. Accordingly, appellant’s third issue
is overruled. 
          The judgment of the trial court is affirmed.
 
                                                                                                                   
                                                                           LINDA REYNA YAÑEZ
                                                                           Justice



Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
10th day of November, 2004.