NO. 07-11-0010-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 6, 2011

_____

CHARLES NAILS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18451-1006; HONORABLE ED SELF, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Charles Nails, appellant, appeals his conviction for possession of a controlled substance. Through a single issue, appellant contends he received ineffective assistance of counsel. We affirm.

Appellant contends that counsel was ineffective because during closing argument, counsel "mentioned twice a 1973 conviction which was not before the jury." Furthermore, the jury, during deliberations, sent a note requesting more information

about the 1973 conviction.  Therefore, according to appellant, counsel was deficient by mentioning the prior conviction when it was not before the jury and prejudice was shown by the jury's note.  We disagree.

In any case analyzing the effective assistance of counsel, we begin with the presumption that counsel was effective.  *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc).  We assume counsel's actions and decisions were reasonably professional and that they were motivated by sound trial strategy.  *Id.* Moreover, it is the appellant's burden to rebut this presumption via evidence illustrating why trial counsel did what he did.  *Jackson v. State*, 877 S.W.2d at 771 (refusing to hold counsel's performance deficient given the absence of evidence concerning counsel's reasons for choosing the course he did); *Rodriguez v. State*, 955 S.W.2d 171, 176-77 (Tex. App.–Amarillo 1997, no pet.); *Davis v. State*, 930 S.W.2d 765, 769 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd); *Kemp v. State*, 892 S.W.2d 112, 114-15 (Tex. App. –Houston [1st Dist.] 1994, pet. ref'd).  Without such evidence, we must assume that he had a legitimate reason for acting as he did.  *Jackson v. State*, 877 S.W.2d at 771.

Here, appellant plead guilty and presented evidence to the jury regarding punishment.  After the jury charge was read, both sides presented closing argument. The State argued appellant's past criminal record, which contained a felony conviction in 1992, wherein the judgment was admitted into evidence.  Furthermore, the State pointed out that the original sentence was probated and then revoked.  Defense counsel responded to the State's argument as follows:  "You will be able to take those exhibits back with you.  If you look at the 1973, a 37-year-ago judgment, you find out [appellant] served at least a portion of one year in jail.  If you look at the second one, you will see

2

that he served less than one year in jail." Later, again in closing argument, defense counsel made the following statement: "I'd point out to you, and it's shown in these documents, one case is at least 37 years old, the other case is at least 18 years old, and he served less than one year." After the jury retired for deliberations, it sent out a note stating that it would like more information of the 1973 charges that defense counsel mentioned in his closing arguments along with questions regarding the weight of the drug he possessed in the present charge, what amount was considered for personal use and why was his probation revoked. The trial court responded that it could not answer the questions, nor could the parties add evidence to that already admitted and that the jury needed to follow the instructions given in the charge. In reviewing the record, we find the copy of a 1992 judgment but none for 1973. The jury sentenced appellant to eight years in prison out of a possible twenty.

Because no motion for new trial was filed nor a hearing held to determine trial counsel's strategy or possibly a mistaken belief that appellant had a 1973 conviction, we are left to speculate as to those motives. Furthermore, because there is no evidence regarding a 1973 conviction and counsel's arguments do not constitute evidence, we must find that the jury complied with the trial court's instructions and considered only the evidence before them. Therefore, no evidence appears of record purporting to illustrate the reasons or motivations, if any, underlying trial counsel's decisions or actions. This is problematic because we are to presume that counsel based those decisions and actions on sound trial strategy. *Mata v. State,* 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). Furthermore, that presumption cannot generally be overcome absent evidence

of those reasons and motives appearing in the record. *Ex parte Niswanger,* 335 S.W.3d 611, 615 (Tex. Crim. App. 2011).

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.