# NO. 12-19-00037-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *YAVON BRYDON,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Yavon Brydon appeals her conviction for robbery. In a single issue, she contends she received ineffective assistance of counsel at trial. We affirm.

### BACKGROUND

On April 23, 2018, Appellant attempted to leave a Tyler, Texas Dollar General store with approximately $120 in merchandise without paying for it. She was confronted by the store manager who had been watching her via closed-circuit television. During the confrontation, physical contact occurred between Appellant and the store manager. The manager claimed Appellant pushed him and scratched him as she attempted to flee. Appellant argued that she did not assault the manager and that she scratched his neck in an attempt to break her fall after the manager pushed her.

Appellant was charged by indictment with robbery. She pleaded "not guilty" and the matter proceeded to a jury trial. Following evidence and argument, the jury found Appellant "guilty" and sentenced her to twelve years imprisonment. This appeal followed.

In her sole issue, Appellant contends she received ineffective assistance of counsel when trial counsel failed to request a jury instruction for the lesser-included offense of theft.

## Governing Law

In reviewing an ineffective assistance of counsel claim, we apply the United States Supreme Court's two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). To prevail on an ineffective assistance of counsel claim, an appellant must show that (1) trial counsel's representation was deficient, and (2) the deficient performance prejudiced the defense to the extent that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. An appellant must prove both prongs of *Strickland* by a preponderance of the evidence. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an appellant's ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To establish deficient performance, an appellant must show that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064–65. "This requires showing that [trial] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When it is easier for a reviewing court to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice without determining whether counsel's performance was deficient, the court should follow that course. *Id.*, 466 U.S. at 697, 104 S. Ct. 2069.

Review of trial counsel's representation is highly deferential. *See id.*, 466 U.S. at 689, 104 S. Ct. at 2065. In our review, we indulge a strong presumption that trial counsel's actions fell within a wide range of reasonable and professional assistance. *Id.* It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be

considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813 (citation omitted). When, as here, no record specifically focusing on trial counsel's conduct was developed at a hearing on a motion for new trial, it is extremely difficult to show that counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814. Absent an opportunity for trial counsel to explain the conduct in question, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citation omitted).

## Evaluation of Trial Counsel's Representation

On appeal, Appellant alleges that her attorney's performance at trial fell below the professional norm because he failed to request that the trial court include an instruction for the lesser-included offense of theft in the jury charge. She acknowledges conceding at trial that she committed theft, which necessarily raised the issue of the lesser-included offense.

Assuming without deciding that a lesser-included offense instruction would have been permissible, the record does not reflect why trial counsel did not request a lesser-included offense instruction on theft. Trial counsel may have chosen not to request the lesser-included offense instruction because he believed that the jury would acquit Appellant of the charged offense of robbery. *Davis v. State*, 930 S.W.2d 765, 768 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (it is a reasonable trial strategy to not request a charge on a lesser-included offense); *see Ex parte White*, 160 S.W.3d 46, 55 (Tex. Crim. App. 2004) (holding counsel not ineffective for failure to request lesser-included offense because all-or-nothing approach was strategy decision). Because the decision not to request the lesser-included offense instruction may have been strategic, and the record is silent regarding counsel's reasons, Appellant has not shown deficient performance. *See Washington v. State*, 417 S.W.3d 713, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (determining that, because record contained no explanation for trial counsel's failure to request lesser-included offense instruction, "[t]he decision to not request a lesser included could have been strategic; thus, appellant has failed to show deficient performance"); *Green v. State*, No. 01-18-00162-CR, 2019 WL 2621738, at *8 (Tex. App.—Houston [1st Dist.] June 27, 2019, pet. ref'd) (mem. op., not designated for publication).

Accordingly, under the circumstances of this case, we conclude that Appellant failed to rebut the presumption that trial counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *See* **Strickland**, 466 U.S. at 687, 104 S. Ct. at 2064; *see also* **Tong**, 25 S.W.3d at 712; **Thompson**, 9 S.W.3d at 813; **Perez v. State**, 56 S.W.3d 727, 731-32 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Appellant's issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 31, 2019

NO. 12-19-00037-CR

**YAVON BRYDON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0859-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*