NO. 07-02-0271-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 19, 2004

_____


CECIL WARD, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B2767-0108; HON. ED SELF, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Cecil Ward brings this appeal from his conviction of murder with the use of a deadly weapon and his jury-assessed punishment of life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We affirm the judgment of the trial court.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

Appellant's court-appointed attorney has filed an *Anders* brief with this court in which he states he has thoroughly examined the trial record and determined the appeal to be without merit. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807, 809-11 (Tex. Crim. App. 1978). Counsel has also filed a motion to withdraw from his representation. He mailed a copy of the brief to appellant and notified him of his right to file a pro se brief. Appellant has availed himself of that opportunity and has now filed a pro se brief.

In his pro se brief, appellant asserts four points of error. In those points, he asserts: 1) the trial judge abused his discretion in not conducting an initial hearing to determine his competency to stand trial; 2) his conviction of murder is unconstitutional because of his incompetency to stand trial; 3) the trial court reversibly erred and violated Texas Code of Criminal Procedure article 42.07 in pronouncing sentence at a time when he was not competent; and 4) he did not receive the effective trial assistance of counsel mandated by the United States Constitution.

The factual background of the charged offense is, in the main, uncontroverted. It shows that during the early morning hours of July 20, 2001, or the late night hours of July 19, 2001, appellant appeared at the Castro County home of his niece and told her that he had killed his wife Francis. He then went to his mother's house and informed her that he had killed his wife and went to the house of a friend and told his friend that he had "killed the bitch." Subsequently, he went to a convenience store in Dimmitt, announced that he had killed someone, and asked that the police be notified. Upon their arrival, appellant showed a Department of Public Safety officer his wife's body on a country road in Castro

2

County. As we have noted, at trial he was convicted of the offense of causing the death of his wife by the use of a deadly weapon, namely, a motor vehicle.

A person is incompetent to stand trial if he does not have: 1) a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or 2) a rational as well as factual understanding of the proceeding against the person. Tex. Code Crim. Proc. Ann. art. 46.02 §1A(a) (Vernon Supp. 2004). A person is presumed to be competent to stand trial unless proven to be incompetent by a preponderance of the evidence. *Id.* art. 46.02 §1A(b).

Reiterated, appellant's first pro se point is that the trial court reversibly erred in not conducting a hearing in advance of the trial to determine whether a jury trial was necessary to determine appellant's competency to stand trial. In relevant part, the Code of Criminal Procedure provides that the trial court shall conduct a hearing on the issue of competency in advance of trial upon the trial court's own motion or upon the written motion of the defendant or his counsel "if the court determines there is evidence to support a finding of incompetency to stand trial." *Id.* art. 46.04 §2(a).

Such a hearing is only required if the evidence brought to the judge's attention is such as to raise a *bona fide* doubt in the judge's mind as to the defendant's competency to stand trial. In general, a *bona fide* doubt is only raised if the evidence indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant. *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997), *cert. denied,* 525 U.S. 299, 119 S.Ct. 335, 142 L.Ed.2d 276 (1998). The Court of Criminal Appeals has

3

additionally explicated that, for the purpose of determining the necessity for this type of hearing, a *bona fide* doubt is "whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetence." *Alcott v. State*, 51 S.W.3d 596, 600 (Tex. Crim. App. 2001) (*quoting Sisco v. State*, 599 S.W.2d 607, 613 (Tex. Crim. App. 1980)). The standard of review is whether the trial court abused its discretion by failing to empanel a jury for the purpose of conducting a competency hearing. *Moore v. State*, 999 S.W.2d 385, 383 (Tex. Crim. App. 1999), *cert. denied,* 530 U.S. 1216, 120 S.Ct. 2220, 147 L.Ed.2d 252 (2000).

In this case, appellant's trial attorney filed a notice of his intent to raise an insanity defense. The record shows that the trial court granted appellant's *ex parte* motion for the appointment of a licensed psychiatrist to assist the defense in preparation for trial. Dr. Elvira G. Pascua-Lim was appointed for this purpose. The record shows that Dr. Lim was paid $2,081.25 for the doctor's services. It also shows that on November 1, 2001, the State alleged that appellant was examined by Dr. Lim on September 24, 2001, and asked to be furnished a copy of the report. Also on November 5, 2001, the State sought, and obtained, a court order appointing Dr. Philip Davis, a forensic psychiatrist, to examine appellant's competency and ordered appellant to submit to the examination. No report from either psychiatrist is shown in the record nor did either psychiatrist testify. The record does contain appellant's trial counsel's attorney fee submission form which shows that counsel had various telephone conversations with Dr. Lim and forwarded the doctor "police reports, etc." It also shows the allowance of a $2,500 fee to Dr. Davis for "Psychological

4

Evaluation Narrative Report" on December 2001, and for "Examination Narrative Report Expert Witness Standby" on March 18, 2002.

Indeed, the only medical evidence introduced by appellant was a report by Dr. Victor Gutierrez that primarily dealt with appellant's physical condition and did not express an opinion nor deal with appellant's competency to stand trial. Suffice it to say that under this record, the evidence was not sufficient to raise a *bona fide* question in the trial judge's mind as to appellant's competency to stand trial. Parenthetically, we have not overlooked appellant's extensive references to certain alleged reports and findings of Dr. Davis. However, as we noted, there is nothing in the record before us showing these asserted findings and we are bound by the record. Our holding as to the evidentiary insufficiency obviates the necessity for discussion of appellant's second and third points which also arise from the trial court's asserted failure to properly consider his incompetency to stand trial. Appellant's first three points are overruled.

In his fourth and final point, appellant has challenged the effectiveness of his trial representation. In assessing the validity of that claim, in this direct appeal, we make our decision from the record before us. In our assessment, we begin with the presumption that the representation was effective. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We assume that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Id.* Additionally, it is appellant's burden to rebut this presumption with evidence illustrating why trial counsel did what he did. *Id. (*refusing to hold trial counsel's performance deficient given the absence of evidence concerning counsel's

5

reasons for choosing the course he did); *see also Rodriguez v. State*, 955 S.W.2d 171, 176-77 (Tex. App.–Amarillo 1997, no pet.); *Davis v. State*, 930 S.W.2d 765, 769 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd); *Kemp v. State*, 892 S.W.2d 112, 114-15 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). There is no such evidence in this record and without it, we must assume trial counsel had a legitimate reason for his actions. The record shows that counsel had consulted with the court-appointed expert. We can only assume that the result of his consultations was that the evidence would not help his client at trial. The record shows that appellant made necessary objections during the course of the trial and secured the inclusion of jury instructions favorable to appellant. In its seminal decision in *Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court explicated that the basic standard for evaluating any claim of counsel ineffectiveness is whether trial counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied upon as having produced a just result. This record does not support such a conclusion. Appellant's fourth point is overruled.

In sum, all of appellant's points are overruled, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.

6