

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00150-CR

JON JASON COBLE                                              APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12509

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jon Jason Coble appeals from his conviction for driving while intoxicated (DWI). In one issue, he asserts that the trial court erred by failing to suppress the blood-alcohol evidence, which was seized without a warrant. In a second issue raised in the alternative, Coble argues that if error in admitting the evidence was forfeited as a result of an objection that was not sufficiently specific, trial counsel was constitutionally ineffective. Concluding that trial

---

[1]See Tex. R. App. P. 47.4.

counsel forfeited any error but that there is no record evidence of deficient performance, we affirm the trial court's judgment.

## I. BACKGROUND

On May 4, 2013, around 8:00 p.m., Sergeant Richard Odom with the Hood County Sheriff's Department was patrolling an area around a local highway. While stopped at an intersection, Odom heard "tires squealing" from a blue Volvo as it left the intersection. Odom followed the Volvo, which "rapidly accelerate[d]" up to the car in front of it and weaved within its lane, causing Odom to turn on his dashboard camera.[2] The driver of the Volvo changed lanes without signaling and changed lanes again without signaling in order to get in front of the other car.

Odom turned on his patrol lights to pull the Volvo over. The driver of the Volvo continued at the same speed, causing Odom to turn on his siren. The driver of the Volvo pulled over. Odom approached the driver of the Volvo, Coble, and asked for Coble's driver's license. Coble stated he did not have his license and gave Odom his passport. Odom could smell alcohol and noticed that Coble's speech was slurred. Coble also had problems opening the glove compartment to get his insurance information. Odom asked Coble to get out of the car to perform field-sobriety tests. Although Coble refused to perform all of the tests, Coble exhibited six out of a possible six clues of intoxication on the

---

[2]Although weaving within a lane is not a traffic violation, Odom stated it is an indicator that the driver is intoxicated.

horizontal-gaze-nystagmus test. Coble admitted he had a "little bit" to drink and that he had taken a Xanax.

Odom arrested Coble for DWI. Odom read Coble the required statutory warnings before Odom requested a blood specimen to determine Coble's blood-alcohol concentration. *See* Tex. Transp. Code Ann. § 724.015 (West Supp. 2014). Coble refused to provide a blood specimen. Odom then checked Coble's name in the criminal database and discovered that Coble had previously been convicted of DWI at least two times. Based on a statute requiring a police officer to take a breath or blood specimen if an arrestee refuses the officer's request to supply a specimen and if the officer has credible information that the arrestee has twice previously been convicted of DWI, Odom drove Coble to a hospital for a mandatory blood draw. *See id.* § 724.012(b)(3)(B) (West 2011). The blood test revealed that Coble had a blood-alcohol content of .223, which was almost three times the legal limit. *See* Tex. Penal Code Ann. § 49.01(2)(B) (West 2011).

A grand jury indicted Coble for DWI and included four offense-enhancement paragraphs, which alleged that Coble has previously been convicted of DWI in January 1988, February 2000, May 2000, and February 2012. *See id.* §§ 49.04(a), 49.09(b) (West Supp. 2014). At trial, Coble's main defensive argument was that he was not the person who was arrested that night and had his blood drawn, i.e., he contested identity. He also objected to the testimony of the officer, contending that Odom did not have probable cause to arrest him, which the trial court overruled. When the State sought admission of

3

the blood-alcohol evidence, Coble's trial counsel objected that the sample had been taken "illegally," without his consent, and in violation of his Fifth Amendment rights. The trial court admitted the results of the blood test. The jury found Coble guilty of DWI with four prior DWI convictions and assessed his punishment at ten years' confinement and a $10,000 fine. Coble did not file a motion for new trial but did file a notice of appeal.

## II. FORFEITURE

In his first issue, Coble argues that the trial court erred by admitting the blood-alcohol evidence over trial counsel's objection. He asserts that the evidence should have been suppressed because the warrantless seizure, in the absence of facts establishing an exception to the warrant requirement, violated the Fourth Amendment.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300.

4

Here, trial counsel objected to admission of the blood-test results because they had been obtained "illegally" and in violation of Coble's Fifth Amendment rights.  This objection did not specifically inform the trial court that his complaint arose under the Fourth Amendment or that he was attacking the lack of a warrant, which is his appellate argument.  The context surrounding trial counsel's objection likewise did not inform the trial court of the specific grounds of his objection.  At trial, Coble challenged the State's case on multiple grounds:  he was not the perpetrator of this crime, Odom did not have probable cause to arrest Coble, Coble did not consent to giving a specimen, and the blood specimen violated his Fifth Amendment rights.  Coble never challenged the lack of a warrant or otherwise raised the Fourth Amendment in the trial court.  Therefore, trial counsel's general objections that the blood specimen was taken "illegally," in violation of the Fifth Amendment, without consent, and without his established identity cannot be construed to include a Fourth Amendment challenge.  *See Clark v. State*, 365 S.W.3d 333, 339–40 (Tex. Crim. App. 2012); *Little v. State*, 758 S.W.2d 551, 564 (Tex. Crim. App. 1988); *Cotterill v. State*, No. 2-02-343-CR, 2003 WL 21666626, at *4 (Tex. App.—Fort Worth July 17, 2003, pet. ref'd) (mem. op., not designated for publication); *Anderson v. State*, 628 S.W.2d 513, 515 (Tex. App.—Corpus Christi 1982, no pet.); *accord On Lee v. United States*, 343 U.S. 747, 749 n.3, 72 S. Ct. 967, 970 n.3 (1952) (dictum); *cf. Wiggins v. State*, No. 14-01-00083-CR, 2002 WL 122163, at *2 (Tex. App.—Houston [14th Dist.] Jan. 31, 2002, no pet.) (not designated for publication)

5

(concluding Fourth Amendment appellate argument preserved based on context of trial objection, which referenced probable cause and the exclusionary rule). We conclude Coble's appellate argument was forfeited; thus, we may not address it. We overrule Coble's first issue.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Alternatively, Coble asserts that if trial counsel failed to properly object to the admission of the blood test, he was constitutionally ineffective for failing to do so.

### A. STANDARD OF REVIEW

The test to determine the effectiveness of counsel requires Coble to show by a preponderance of the evidence that (1) counsel's representation fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for these unprofessional errors, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–89, 104 S. Ct. 2052, 2064–65 (1984); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

6

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). This statement is true with regard to the deficient-performance prong of the inquiry when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Thompson*, 9 S.W.3d at 813. It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593 (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

## B. APPLICATION

Coble bases his claim on the effect of *Missouri v. McNeely*, a United States Supreme Court case decided eleven months before Coble's trial that held that the natural dissipation of alcohol in the bloodstream does not present a per se exigent circumstance justifying a blood test without a warrant in all DWI cases. 133 S. Ct. 1552, 1567–68 (2013) (5-4 opinion). Since *McNeely*, the Texas courts

7

of appeals have attempted to interpret the effect of *McNeely* on Texas law. The majority of the courts that have addressed the issue have concluded that the mandatory-blood-draw statute in conjunction with the implied-consent statute contained in section 724.011 of the transportation code are not exceptions to the warrant requirement; thus, any warrantless blood draw must be based on a well-recognized exception to the warrant requirement. Tex. Transp. Code Ann. § 724.011(a) (West 2011); *see, e.g.*, *Gentry v. State*, No. 12-13-00168-CR, 2014 WL 4215544, at *3–4 (Tex. App.—Tyler Aug. 27, 2014, pet. filed) (mem. op., not designated for publication) (collecting cases from San Antonio, Amarillo, Eastland, and Corpus Christi Courts of Appeals and concluding that mandatory-blood-draw and implied-consent statutes are not exceptions to the warrant requirement); *Reeder v. State*, 428 S.W.3d 924, 930 (Tex. App.—Texarkana 2014, pet. granted) (relying on decisions by Amarillo and Corpus Christi Courts of Appeals to conclude that mandatory-blood-draw statute is not an exception to the warrant requirement). However, one court concluded that proof of compliance with the procedural requirements of the mandatory-blood-draw statute was sufficient to imply an arrestee's consent to a warrantless blood draw, dispensing with the warrant requirement. *Perez v. State*, No. 01-12-01001-CR, 2014 WL 943126, at *6–7 (Tex. App.—Houston [1st Dist.] Mar. 11, 2014, no pet. h.).

In sum, the import of *McNeely* on Texas's mandatory-blood-draw and implied-consent statutes was unsettled at the time of Coble's trial and remains unsettled today. Indeed, *McNeely* did not address directly the effect of

8

mandatory-blood-draw or implied-consent statutes on the warrant requirement. The *McNeely* Court merely concluded that natural alcohol dissipation cannot be considered a per se exigent circumstance justifying a warrantless seizure of a blood specimen in all DWI cases. 133 S. Ct. at 1567–68.

Absent a record in this case explaining counsel's reasoning for failing to move to suppress the blood-alcohol evidence on the basis of *McNeely*, we may not conclude that counsel was constitutionally deficient. Indeed, Odom never asserted that the natural dissipation of alcohol was an exigent circumstance that he relied on to dispense with the warrant requirement; thus, trial counsel could have concluded that *McNeely* did not apply to the admission of Coble's blood specimen. *See, e.g.*, *State v. Bennett*, 415 S.W.3d 867, 869 (Tex. Crim. App. 2013) ("[W]e have repeatedly declined to find counsel ineffective for failing to take a specific action on an unsettled issue."). Further, it appears that counsel was following Coble's direction regarding trial strategy, which focused on Coble's contention that he was not the person who was arrested and compelled to give a blood specimen:

> Mr. Coble wants me, of course, on the record to deny that he's intoxicated. He tells us and he . . . believes the evidence is going to show that he did not commit any traffic violations . . . .
>
> He denies doing many of the things the officers say, and he wants me on his behalf to deny he's the person that's depicted in this videotape. He claims that evidence has been manufactured and created in a false light and it depicts someone else and not him present at the scene. Also contends in the case that he was not taken to the hospital to draw any blood, and that he has no

9

recollection of being taken to a hospital to draw blood, and has no recollection of refusing to provide any kind of a sample.

Even so, we may not second-guess trial counsel's actions in the absence of a record. *See, e.g.*, *Kennedy v. State*, 402 S.W.3d 796, 798 (Tex. App.—Fort Worth 2013, pet. ref'd), *petition for cert. filed*, (U.S. June 9, 2014) (No. 13-10784). Here, Coble did not file a motion for new trial or otherwise give trial counsel an opportunity to explain his decisions. In the absence of any record to explain trial counsel's actions or inactions, Coble has not met his burden to show that his trial counsel's conduct was not the result of a sound trial strategy and, therefore, was deficient. *See Davis v. State*, 930 S.W.2d 765, 769 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). Counsel's conduct was not so outrageous that the lack of an explanatory record is excused. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Further, Coble concedes that it is "unknown" whether the outcome of Coble's case would have been different if counsel had objected on the basis of *McNeely* or the Fourth Amendment. It is Coble's burden to establish the prejudice prong of *Strickland*, which he has failed to do. We overrule Coble's second issue.

## IV.  CONCLUSION

Having overruled Coble's issues, we affirm the trial court's judgment.  *See* Tex. R. App. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 16, 2014