**Opinion issued April 16, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00719-CR

_____

**JAHSON TREVONE ALBERT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1649081**

## O P I N I O N

A jury found Jahson Trevone Albert guilty of the offense of manslaughter in a prosecution arising out of a car accident in which he killed another motorist. Albert contends his trial lawyer rendered ineffective assistance in failing to request a jury instruction on the lesser-included offense of criminally negligent homicide.

We affirm.

## BACKGROUND

While operating a motor vehicle, Albert struck another motorist, Jacquelyn Pleytez, who died from her resulting injuries within a week of the collision. A grand jury indicted Albert for manslaughter, alleging that he recklessly caused her death by operating his vehicle under the influence of marijuana and by failing to control his speed, maintain a single lane, drive on a roadway, and keep a proper lookout.

Albert pleaded not guilty, and the charged offense was tried to a jury.

At trial, the defense maintained that Albert had not committed any crime. Defense counsel announced this position in his opening statement, advocating:

> In our lives, in our day-to-day lives, bad things happen to good people. It's just kind of the way things are. But when bad things happen to good people, it's tragic, it's awful, it's heart-wrenching, but it doesn't mean it's a crime. Now, folks, that's what we're all here for these next couple of days, is to determine if that tragedy is really a crime or not. I will submit to you that it's not. . . .  I anticipate that the testimony you're going to hear is going to be heart-wrenching. It's going to be sad. But again, folks, it's [the prosecution's] case and [the prosecution] ha[s] to prove it to you and you have to hold [the prosecution] to that standard to make this tragedy a crime. That's all we ask, is that you do that.

The State put on evidence regarding the circumstances of the accident.

After the State rested, Albert took the stand in his own defense. He testified that he was working for Uber on the day of the accident. Albert denied using marijuana or any other intoxicant beforehand. He explained that another vehicle unexpectedly merged into his lane as he was trying to exit the highway, and the fatal

2

accident occurred as a result of him trying to avoid the merging vehicle. He stated that he did not clearly recall the events afterward because they unfolded very fast and also due to the trauma associated with the accident. Albert said the next thing he recalled was his soul leaving his body. He explained, "I know I sound crazy, honestly, I know, I understand. But what I experienced was when my airbag deployed, my soul left my body and it's like my car turned into like the earth and the earth turned into nothing. Nothing at all." When asked what he next recalled, Albert responded, "Coming back. But before then what I remember was seeing my mother and seeing my partner at the time and it was an image of them hugging me," after which he recalled "[t]alking to God," who posed "several questions" to him.

Other witnesses had previously testified that Albert was smiling and joking after the accident. Defense counsel asked him to account for his behavior. Albert replied: "I'm smiling because I'm happy to be alive. You know, but that was me being joyous from the conversation," referring to his conversation with God. Albert agreed that he may have seemed "dazed" but that "amazed" was more accurate.

Albert acknowledged he had smoked marijuana many times before the day of the accident, testifying he generally does so "[a] few times during the week." But he testified that the reason he exhibited signs of intoxication at the hospital after the accident was because he ate an unspecified quantity of marijuana immediately after

3

the accident occurred. According to Albert, one of his Uber passengers that day gave him some marijuana, either for free or in exchange for a ride in his vehicle.

The defense then rested, and the trial court and parties conferred about the jury charge. The defense stated it had no objections to the trial court's jury charge.

In its closing argument, the defense returned to the theme of its opening. Defense counsel once again argued that the underlying events were tragic but not a crime: "[W]e want to be where Jacquelyn is with us still, but she's not. And that is heartbreaking. But it's not a crime. It is sad and it is awful, but it's not a crime." In particular, defense counsel argued that the evidence did not show beyond a reasonable doubt that Albert had the required state of mind for manslaughter: recklessness. Defense counsel characterized the prosecution's view of the evidence as "insane" and reiterated that the case was "tragic" and "awful" but "not a crime."

The jury found Albert guilty of manslaughter as alleged in the indictment. The jury subsequently assessed Albert's punishment at 10 years of imprisonment.

Albert appeals.

## INEFFECTIVE ASSISTANCE

Based on the evidence at trial, Albert contends that a rational jury could have reasonably found him guilty of the lesser-included offense of criminally negligent homicide rather than the charged offense of manslaughter. Under these circumstances, he was entitled to a jury instruction on criminally negligent homicide,

4

if he requested one. Albert reasons that his trial lawyer therefore had no choice but to request this instruction and provided ineffective assistance by failing to do so.

**Law Applicable to Ineffective-Assistance Claims**

The Sixth Amendment to the United States Constitution guarantees the right to counsel in criminal prosecutions. *Cannon v. State*, 252 S.W.3d 342, 348 (Tex. Crim. App. 2008). This guarantee entails the right to effective assistance. *Id.*

To prevail on a claim of ineffective assistance of counsel, a defendant must prove that his trial lawyer's performance was deficient, and this deficiency prejudiced the defense. *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). The defendant bears the burden of proving deficient performance and prejudice by a preponderance of the evidence. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). Unless the defendant proves both deficient performance and prejudice, we cannot sustain his claim of ineffective assistance of counsel. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The purpose of this test for ineffective assistance is to ascertain whether defense counsel's conduct so undermined the proper functioning of the adversarial process that it calls into question the reliability of the jury's verdict. *Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013).

Defense counsel's performance is deficient if it falls below an objective standard of reasonableness. *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017). Judicial scrutiny of counsel's performance is highly deferential. *Mata v.*

5

*State*, 226 S.W.3d 425, 428 (Tex. Crim. App. 2007). There is a strong presumption that counsel's performance was reasonable, and the defendant must overcome this strong presumption to prevail on an ineffective-assistance claim. *Prine*, 537 S.W.3d at 117. Therefore, any deficiency in counsel's performance must be firmly founded in the record. *Id.* It is not enough that counsel's performance may seem questionable in hindsight. *Id.* We cannot find that counsel's performance was deficient based on conjecture. *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004). Nor can we infer that counsel's performance was deficient based on portions of the record that are unclear. *Mata*, 226 S.W.3d at 432. Rather, the record must affirmatively show that counsel's performance was deficient. *Prine*, 537 S.W.3d at 117.

It is rare that the trial record, standing alone, is sufficient to show deficient performance by counsel. *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). The reasonableness of counsel's decisions often depends on facts that do not appear in the record. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Hence, counsel ordinarily should be afforded the opportunity to explain his conduct before we find that his performance was deficient. *Nava*, 415 S.W.3d at 308. When counsel has not been given this opportunity, we cannot find counsel's performance deficient unless his conduct was so outrageous that no competent lawyer would have engaged in it. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). That is, the record must show that counsel's performance fell below an objective standard

of reasonableness as a matter of law and that no reasonable trial strategy could justify his deficient performance. *Lopez*, 343 S.W.3d at 143. We generally will assume that counsel had a reasonable strategic motive if any reasonable trial strategy can be imagined. *Okonkwo v. State*, 398 S.W.3d 689, 693 (Tex. Crim. App. 2013).

Deficient performance by defense counsel prejudices the defendant when there is a reasonable probability that but for counsel's deficient performance the trial's outcome would have differed. *Nava*, 415 S.W.3d at 308. A reasonable probability is one that undermines our confidence in the trial's outcome. *Id.*

A defendant is not entitled to errorless representation. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013). We therefore must review an ineffective-assistance claim with an eye toward the totality of the representation. *Id.* A single error will seldom suffice to prove ineffective assistance. *Villa*, 417 S.W.3d at 463. A single error does so only if it is both egregious and had a seriously deleterious impact on counsel's representation as a whole. *Frangias*, 450 S.W.3d at 136.

**Law Applicable to Lesser-Included-Offense Instructions**

A trial court does not have an independent duty to instruct the jury on a lesser-included offense when the defense does not request the instruction. *Tolbert v. State*, 306 S.W.3d 776, 780 (Tex. Crim. App. 2010). This is so because lesser-included offenses are similar to defensive issues, which often depend on trial strategy. *Id.*; *see*

7

*also Williams v. State*, 662 S.W.3d 452, 455 (Tex. Crim. App. 2021) (stating that requests for instructions on lesser-included offenses "are matters of trial strategy").

To find a defendant guilty of a lesser-included offense, a jury necessarily must acquit the defendant of the charged offense. *Reed v. State*, 117 S.W.3d 260, 265 (Tex. Crim. App. 2003). Thus, any situation in which the evidence at trial entitles the defendant to a lesser-included offense instruction presents the defendant with the strategic choice between seeking an acquittal or a guilty verdict on the lesser-included offense. *See id.* The defense may reasonably choose an all-or-nothing trial strategy, in which it seeks a verdict of acquittal. *See Tolbert*, 306 S.W.3d at 781–82 (citing with approval concurrence stating that either side may choose to go for broke, which may be valid strategic choice from which neither side should be rescued).

Because all-or-nothing represents a valid trial strategy, defense counsel generally cannot be ineffective for failing to request a jury instruction on a lesser-included offense. *See Grey v. State*, 298 S.W.3d 644, 655 (Tex. Crim. App. 2009) (Cochran, J., concurring) (observing that because all-or-nothing defense is valid strategic option, "defense counsel is not ineffective for declining to request a lesser-included-offense instruction"). The lone exception is when defense counsel's failure to request the instruction does not result from trial strategy. *See Ex parte Thompson*, 179 S.W.3d 549, 557 (Tex. Crim. App. 2005) (noting that on direct appeal Court had rejected ineffective-assistance claim premised on failure to request instruction on

lesser-included offense, as "record did not contain sufficient information concerning trial counsel's strategy," but taking up issue on habeas); *Shanklin v. State*, 211 S.W.3d 315, 315 & n.1 (Tex. Crim. App. 2007) (indicating ineffective-assistance claim premised on counsel's failure to request lesser-included offense instruction may be cognizable when evidence at trial supports instruction and counsel admits that his failure to request instruction did not result from any trial strategy).

**Analysis**

Albert's briefing is almost entirely devoted to demonstrating that the evidence at trial entitled him to have the jury instructed on criminally negligent homicide. To prevail on a claim of ineffective assistance, Albert would need to make this showing. *See Kinnamon v. State*, 791 S.W.2d 84, 97 (Tex. Crim. App. 1990) (per curiam) (holding counsel was not ineffective in failing to request instruction on lesser-included offense because defendant was not entitled to this instruction based on trial evidence). But while this showing is necessary to show ineffective assistance, it is not sufficient to do so. Because of the inherently strategic nature of the decision to request or forego an instruction on a lesser-included offense, Albert must also show that his trial lawyer's failure to request the instruction was not the result of any trial strategy. *See Ex parte Thompson*, 179 S.W.3d at 557 (reviewing claim that counsel was ineffective in failing to request instruction on lesser-included offense because

record disclosed counsel's strategy); *see also Okonkwo*, 398 S.W.3d at 693 (noting that courts generally assume strategic motive if one is reasonably imaginable).

In *Green v. State*, we held that an appellant cannot show he received ineffective assistance in this context without first showing that his lawyer's failure to request a lesser-included offense instruction was not a matter of trial strategy. *See* Nos. 01-18-00162-CR & 01-18-00163-CR, 2019 WL 2621738, at *8 (Tex. App.— Houston [1st Dist.] June 27, 2019, pet. ref'd) (mem. op.) (not designated for publication) (reasoning that because failure to request instruction could have been strategic and record was silent as to lawyer's decision-making, appellant could not show deficient performance). *Green* echoes earlier decisions holding the same thing. *Vives v. State*, No. 01-01-00296-CR, 2002 WL 31388695, at *2–3 (Tex. App.— Houston [1st Dist.] Oct. 24, 2002, no pet.) (op.) (not designated for publication); *Gonzales v. State*, No. 01-99-00642-CR, 2000 WL 233141, at *3–4 (Tex. App.— Houston [1st Dist.] Mar. 2, 2000, pet. ref'd) (op.) (not designated for publication).

*Green*, *Vives*, and *Gonzales* are unpublished decisions and therefore are not binding precedent. TEX. R. APP. P. 47.7(a). But our holding in *Green* was premised in significant part on our longstanding recognition that a decision not to request a jury instruction on a lesser-included offense "is a reasonable trial strategy." *See Green*, 2019 WL 2621738, at *8 (relying on *Davis v. State*, 930 S.W.2d 765, 768 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd)). *Vives* and *Gonzales* likewise

10

embraced this underlying premise. *See Vives*, 2002 WL 31388695, at *2 (citing *Davis* and *Lynn v. State*, 860 S.W.2d 599, 603 (Tex. App.—Corpus Christi 1993, pet. ref'd), on this point); *Gonzales*, 2000 WL 233141, at *4 (relying on *Lynn*).

Other courts of appeals have reached the same conclusion as ours in published decisions. *See, e.g.*, *Washington v. State*, 417 S.W.3d 713, 726–27 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Wood v. State*, 4 S.W.3d 85, 87–88 (Tex. App.—Fort Worth 1999, pet. ref'd); *cf. Lynn*, 860 S.W.2d at 603 (holding record showed trial lawyer's decision not to request instruction on lesser-included offense was strategic decision and that it was not unreasonable despite its high risk). And this conclusion is the only one that is compatible with the Court of Criminal Appeals's directive that an ineffective-assistance claim cannot succeed on a silent record when counsel's ostensibly deficient performance may have been the result of a reasonable trial strategy. *See Prine*, 537 S.W.3d at 118 (agreeing that decisions implicating trial strategy generally require court to evaluate lawyer's explanation for allegedly deficient performance before finding lawyer provided ineffective assistance); *Ex parte Thompson*, 179 S.W.3d at 557 (noting that on direct appeal Court had rejected ineffective-assistance claim premised on failure to request instruction on lesser-included offense, as "record did not contain sufficient information concerning trial counsel's strategy," but taking up issue on habeas).

11

Albert did not move for a new trial. On appeal, he does not identify any part of the record that sheds light on his trial lawyer's failure to request an instruction on the lesser-included offense of criminally negligent homicide. But his trial lawyer's opening statement and closing argument are consistent with an all-or-nothing trial strategy of trying to secure an outright acquittal from the jury. Nonetheless, Albert maintains there is no evidence his trial lawyer pursued an all-or-nothing strategy.

Albert's position about the record inverts ineffective-assistance law. On a silent record, we assume a strategic motive if one is reasonably possible. *Okonkwo*, 398 S.W.3d at 693. Here, as a matter of law, a strategic motive is reasonably possible: an all-or-nothing trial gambit to seek acquittal rather than risk a guilty verdict on a lesser offense. *Tolbert*, 306 S.W.3d at 781–82; *Davis*, 930 S.W.2d at 768. Without evidence that his trial lawyer lacked a strategic motive, we cannot sustain Albert's claim of ineffective assistance. *See Prine*, 537 S.W.3d at 117 (noting that any deficiency in lawyer's performance must be firmly founded in record); *Okonkwo*, 398 S.W.3d at 693 (observing that mere incantation that lawyer had "no strategy" is not sufficient to support claim for ineffective assistance of counsel).

Albert posits that his trial lawyer's failure to request an instruction on the lesser-included offense of criminally negligent homicide cannot be attributed to a reasonable trial strategy because his lawyer could have requested the instruction and then argued that Albert was guilty of neither manslaughter nor the lesser offense.

12

But Albert's position ignores the fact that his lawyer could not have done so without the additional risk of a guilty verdict on the lesser-included offense. The point of an all-or-nothing strategy is to put the jury to the stark choice of either finding the defendant guilty of the charged offense or acquitting him altogether. *See Tolbert*, 306 S.W.3d at 781–82 (agreeing that go-for-broke trial strategy may be valid). That Albert's appellate lawyer might have chosen a less high-risk strategy had she served as trial counsel does not render the strategy unreasonable. *See Ex parte White*, 160 S.W.3d 46, 55 (Tex. Crim. App. 2004) (stating that all-or-nothing strategy was not unreasonable just because another lawyer would have made different choice).

Because trial counsel's failure to request an instruction on the lesser-included offense of criminally negligent homicide may have resulted from trial strategy and the record is silent on his reasoning, we reject Albert's ineffective-assistance claim.

## CONCLUSION

We affirm the trial court's judgment.


Gordon Goodman
Justice

Panel consists of Justices Goodman, Landau, and Hightower.

Publish. TEX. R. APP. P. 47.2(b).

13